UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KRISTY LOZANO,

                                                    Case Number:

    Plaintiff,

v.

PRAGATKRUPA CORP and
AMBRISH PATEL,

    Defendants.
_____/

## COMPLAINT

1. Plaintiff, Kristy Lozano ("Plaintiff"), was an employee of Defendants, Pragatkrupa Corp and Ambrish Patel ("Defendants"), and brings this action for unpaid Federal overtime wages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

2. Defendants are within the jurisdiction of this Court and are in the business of owning and operating a motel located in Lake City, Florida.

3. Plaintiff was a nonexempt non-managerial manual laborer and hourly employee for Defendants in Columbia County, Florida. She worked as a front desk clerk.

1

4. Defendant Ambrish Patel is the President of Pragatkrupa Corp. He is an "employer" because he either: (i) exercise managerial control over a business or run the day-to-day operations of a covered enterprise; and/or (ii) directly participates in hiring, firing, employee compensation decisions, or other work issues.

5. This action is brought under the FLSA to recover from the Defendants overtime wage compensation, liquidated damages, and reasonable attorneys' fees and costs.

6. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. § 2201 et seq.

7. Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the FLSA.

8. Upon information and belief, Defendants obtain, exchange, and sends/receives funds to and from outside of the State of Florida, use telephonic transmissions going outside of the state of Florida to conduct

business, and transmits electronic information through computers, the internet, via email, and otherwise outside of the state of Florida.

9. Defendants' annual gross revenues are believed to be in excess of $500,000.00 during the time Plaintiff worked for them.

10. The period involving this complaint is Plaintiff's pay period due within the approximate period of April of 2021 until till the end of August 2021.

11. Defendants did not pay Plaintiff all her overtime although she was working approximately seven days a week, eight hours a day.

12. Defendants violated the FLSA by not paying her all her overtime wages to Plaintiff for all her overtime hours worked.

13. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff Federal overtime wages in one or more work weeks and/or liquidated damages for failed/delayed payment, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs. Also, because of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages along with a declaration that Defendants' pay practice is illegal.

WHEREFORE, Plaintiff demands judgment against Defendants

for the payment of all wages for which Defendants did not properly compensate her, liquidated damages, reasonable attorneys' fees, costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

February 14, 2022

By /s/ Michael Massey
   Michael Massey
   Massey & Duffy, PLLC
   massey@352law.com
   855 E. Univ. Avenue
   Gainesville, Florida 32601
   FBN 153680
   Lead Counsel